13-4691
Wei v. Lynch

BIA
Hom, IJ
A089 821 581

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of September, two thousand fifteen.

PRESENT:
        PIERRE N. LEVAL,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
          *Circuit Judges.*

_____

GAO WEI,
        *Petitioner,*

        v.                13-4691
                                  NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
        *Respondent.*

_____

---

     * Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr., as the Respondent in this case.

**FOR PETITIONER:** Lewis G. Hu, New York, New York.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Shahrzad Baghai, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Gao Wei, a native and citizen of China, seeks review of a November 14, 2013, decision of the BIA affirming the May 1, 2012, decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). *In re Gao Wei*, No. A089 821 581 (B.I.A. Nov. 14, 2013), *aff'g* No. A089 821 581 (Immig. Ct. N.Y. City May 1, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of the IJ and the BIA "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The

2

applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We find no error in the agency's determination that Wei was not credible.  For asylum applications like Wei's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

The record supports the agency's finding that Wei was at times hesitant and unresponsive while testifying about her participation in Chinese Democratic Party ("CDP") activities as well as other matters.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  The demeanor finding and the agency's adverse credibility determination as a whole were bolstered by inconsistencies in the record

3

regarding when Wei participated in protests at a Chinese consulate and who filed her application for asylum. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony."). The agency was not compelled to credit her explanations for these inconsistencies. *See Majidi*, 430 F.3d at 80-81.

Given the agency's demeanor and inconsistency findings, substantial evidence supports the agency's determination that Wei was not credible as to her participation in CDP activities. *See Xiu Xia Lin*, 534 F.3d at 167. That determination was dispositive of asylum, withholding of removal, and CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk